# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DARRELL WAYNE ALLEN,** | § | |
| **No. 1013778,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **V.** | § | **CIVIL NO. SA-14-CA-614-XR (HJB)** |
| | § | |
| **SAN ANTONIO POLICE DEPARTMENT,** | § | |
| **BEXAR COUNTY, TEXAS,** | § | |
| **San Antonio Police Officer GESCHKE,** | § | |
| **Badge no. 1027,** | § | |
| **SUSAN REED, Bexar County Criminal** | § | |
| **District Attorney,** | § | |
| **JEANNE LOUISE BLOMSTER, and** | § | |
| **BEXAR COUNTY JAIL LAW LIBRARY** | § | |
| **AND BANKING DEPARTMENT,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Darrell Allen, currently an inmate at the Bexar County Adult Detention Center, has filed this civil rights action pursuant to 42 U.S.C. Section 1983. For the reasons set forth below, Plaintiff is not entitled to leave to proceed In Forma Pauperis and his claims in this action are subject to dismissal as frivolous, for failure to state a claim, and failure to comply with this Court's Show Cause Order.

### I. Background

Plaintiff filed this lawsuit on July 7, 2014, *ECF no. 1*, initially naming as defendants the San Antonio Police Department and Bexar County, Texas and alleging (1) he was illegally arrested on July 23, 2013 and charged in Bexar County cause no. 2013CR9407 with harassment of a public servant; (2) his criminal defense counsel has (a) failed to adequately meet with and communicate

with Plaintiff, (b) misrepresented the prosecution's case to Plaintiff, and © failed to have Plaintiff brought to trial in a timely manner; (3) the law library at the Bexar County Adult Detention Center is inadequate to the point it prevents persons from bringing civil actions against anyone by failing to provide a means of copying legal work; (4) Plaintiff has been denied his constitutional right to a speedy trial; and (5) Plaintiff was subjected to excessive force during his arrest in July 2013 by an unidentified San Antonio Police Officer.  Plaintiff sought unspecified monetary damages and an Order from this Court directing Bexar County to cease its criminal prosecution of Plaintiff.

In an application for leave to proceed In Forma Pauperis filed with his original Complaint, Plaintiff indicated that he had about four hundred dollars in his inmate trust account, but attached only an uncertified photocopy of a computer printout apparently reflecting the recent transactions in his inmate trust account.  Significantly, Plaintiff did not furnish a certified copy of his BCADC inmate trust account setting forth the average monthly balance and average monthly deposits into Plaintiff's trust fund account for the past six months, as required by 28 U.S.C. § 1915(a)(2).

In a Show Cause Order issued August 5, 2014, *ECF no. 3*, the Magistrate Judge (1) explained to Plaintiff the deficiencies in Plaintiff's In Forma Pauperis submission, (2) directed Plaintiff to file a certified copy of Plaintiff's inmate trust account statement, (3) explained the many legal deficiencies in Plaintiff's original complaint against the City and County, (4) explained that the *Younger* abstention doctrine ordinarily precludes a federal court from entertaining an action for injunctive relief to halt a state criminal prosecution, and (5) directed Plaintiff to file an amended complaint setting forth specific facts showing how and why the City and County should be held liable in this action for monetary damages and why Plaintiff was entitled to injunctive relief to terminate his state criminal prosecution.

Plaintiff filed a second In Forma Pauperis application on August 29, 2014, *ECF no. 4*, in which he stated that he had about one hundred dollars in his inmate trust account (but once more failed to furnish a certified copy of his BCADC inmate trust account covering the past six months), that he had access to approximately twelve hundred dollars from his family and friends, and that he had tried without success to obtain a certified copy of his BCADC inmate trust account.  Plaintiff failed to allege any specific facts showing exactly what he had done in the course of those attempts (or to include any formal grievances he had filed with responsible BCADC officials).

On August 29, 2014, Plaintiff filed a second, presumably amended, complaint (*ECF no. 5*) in which Plaintiff failed to address any of the deficiencies contained in his original complaint identified by the Magistrate Judge's Show Cause Order and, instead, listed four new defendants (San Antonio Police Officer Geschke, the Bexar County Criminal District Attorney, Plaintiff's court-appointed criminal defense counsel, and the Bexar County Jail's law library and banking department) but made only conclusory assertions against each of the new defendants.  In an attachment to his second IFP application, however, Plaintiff did make several assertions against the new defendants, including: (1) Officer Geschke arrested Plaintiff without probable cause on July 23, 2013 for harassment of a public servant; (2) Plaintiff's arrest on that date resulted in Bexar County criminal cause 2013-CR-9407 being filed against Plaintiff "in bad faith" by the Bexar County District Attorney's Office; (3) since his arrest, Plaintiff's constitutional right to a speedy trial has been violated (*i.e.*, Plaintiff has been held for over thirteen months without being brought to trial); (4) Plaintiff's court-appointed defense counsel, attorney Jeanne Louise Blomster, (a) spoke with Plaintiff only once, (b) lied to Plaintiff about the prosecution's case, © set and then cancelled only one hearing, and (d) failed to argue any of Plaintiff's pro se motions filed in the state trial court; and (5)

3

the banking department and law library at the BCADC are inadequate in that they do not have provisions for furnishing inmates with free copies of legal documents and have refused to respond to Plaintiff's requests to execute a certified copy of his inmate trust account statement. Plaintiff requested three million dollars in monetary damages, "restitution" from attorney Blomster in the amount of one hundred thousand dollars, and an injunction halting Plaintiff's criminal prosecution by Bexar County.

## I. Plaintiff's Financial Obligations Under the PLRA

Plaintiff has failed to (1) establish that he lacks sufficient financial resources with which to pay the filing fee in this cause, (2) furnish this Court with a certified copy of his BCADC inmate trust account, or (3) allege any specific facts showing he has filed a formal grievance with responsible BCADC officials regarding the alleged unwillingness of BCADC personnel to furnish Plaintiff with a certified copy of his inmate trust account statement. More specifically, Plaintiff's initial In Forma Pauperis application indicated he had more than four hundred dollars in his inmate trust account with which to pay the three hundred fifty dollar filing fee in this cause. In his second In Forma Pauperis application (which once again lacked a certified copy of Plaintiff's inmate trust account statement from the BCADC), Plaintiff indicated he has more than one hundred dollars in his inmate trust account and access to more than twelve hundred dollars from family and friends. Under such circumstances, Plaintiff has failed to establish he lacks sufficient financial resources with which to pay the filing fee in this cause. Plaintiff's status as a pretrial detainee does not automatically entitle him to In Forma Pauperis status. Plaintiff is not entitled to proceed In Forma Pauperis in this cause. The Court will direct Plaintiff to pay the full filing fee in this cause immediately and bar Plaintiff from proceeding In Forma Pauperis in this Court until he does so.

## II. Standard of Review Under 28 U.S.C. § 1915A

Congress has directed federal courts to review, before docketing if feasible or as soon after docketing as practicable, a complaint in a civil action in which a prisoner seeks redress from a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  This requirement applies regardless of whether a prisoner has qualified to proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a)(1).  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (holding dismissal as frivolous under § 1915A is permissible regardless of whether the plaintiff has paid the filing fee or has qualified to proceed In Forma Pauperis under § 1915).  In the course of this review, the federal courts may dismiss any claim that is either (1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012), *cert. denied*, ___ U.S. ___, 134 S. Ct. 80 (2013); *Martin v. Scott*, 156 F.3d at 579-80; 28 U.S.C. § 1915A(b).  28 U.S.C. § 1915A© defines the term "prisoner" broadly to include not only persons incarcerated for criminal offenses but also persons detained pending adjudication of a criminal charge or for violation of the terms of parole, probation, or other diversionary programs.  28 U.S.C. § 1915A©.

In the course of conducting the review mandated by § 1915A(b), federal courts accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014).  The dismissal of a claim pursuant to § 1915A(b) for failure to state a claim upon which relief may be granted is appropriate when the plaintiff fails to plead facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011).  This is the same standard applied to dismissals under Federal Rule of Civil Procedure 12(b)(6),  for failure

to state a claim for relief that is plausible on its face.  *Id.*  Likewise, when reviewing a complaint for possible dismissal as frivolous under § 1915A(b)(1), a federal court applies the same legal standard as that used to dismiss claims as frivolous under § 1915(e)(2)(B)(i).  *See Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012) (holding dismissal of a claim as frivolous under § 1915A(b)(1) is appropriate if it does not have an arguable basis in law or fact).  Pursuant to Section 1915A(b)(1), this Court must *sua sponte* review Plaintiff's claims under both the frivolous standard of Section 1915(e)(2)(B)(i) and the failure to state a claim standard of Rule 12(b)(6).

### III. Standard of Review Under Fed. R. Civ. P. 12(b)(6)

The pleading standard set forth in Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," does not require detailed factual allegations, but it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal,* 556 U.S. at 678; *Central States, Se. & Sw. Areas Health & Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, 756 F.3d 356, 360 (5th Cir. 2014).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 678; *Whitley v. Hanna*,  726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1935 (2014).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly,* 550 U.S. at 555; *Central States*, 756 F.3d at 360.  A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause

of action" will not do.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Nor does a complaint

suffice if it renders "naked assertions" devoid of further factual enhancement.  *Iqbal*, 556 U.S. at

678; *Twombly*, 550 U.S. at 557.

## IV. Standard for Review under Sections 1915(e)(2)(B)

When Congress enacted the Prison Litigation Reform Act of 1996 ["PLRA"], it specifically

amended 28 U.S.C. § 1915(e)(2)(B)(i) and added new § 1915A to provide that a complaint filed by

a prisoner could be dismissed as frivolous regardless of whether any filing fee or portion thereof had

been paid.  *Martin*, 156 F.3d at 579-80.  Therefore, Plaintiff's claims herein are subject to review

under Sections 1915(e) and 1915A(b) for dismissal as frivolous regardless of whether he paid any

portion of the filing fee in this cause.  *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)

(holding the federal district courts are required to dismiss any action brought by a prisoner that is

frivolous, malicious, fails to state a cause of action, or seeks monetary damages from a defendant

who is immune from such relief); 42 U.S.C. §1997e©.

28 U.S.C. § 1915(e) accords judges not only the authority to dismiss a claim based on an

indisputably meritless legal theory, but also the power to pierce the veil of the complainant's factual

allegations and dismiss those claims whose factual contentions are clearly baseless.  *Denton v.*

*Hernandez*, 504 U.S. 25, 31-32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Schultea v.*

*Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).  In an action filed *in forma pauperis*, a court may raise

sua sponte the issue of whether an action is malicious or frivolous under § 1915(e).  *Neitzke*, 490

U.S. at 327; *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999) (holding it appropriate for court

to *sua sponte* determine whether a claim was barred by limitations); *Schultea*, 47 F.3d at 1434.

Dismissal of a claim as frivolous under § 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325; *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Rogers*, 709 F.3d at 407. A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton*, 504 U.S. at 32-33; *Rogers*, 709 F.3d at 407; *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (holding dismissal as frivolous appropriate after the plaintiff is given an opportunity to amend or allege additional facts through answers to a post-complaint questionnaire).

Typical examples of claims that can be dismissed pursuant to § 1915(e) include (1) claims in which it is clear that the defendants are immune from suit (*Neitzke*, 490 U.S. at 327; *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995) (upholding the dismissal as frivolous of civil rights lawsuits on the grounds that the defendants were entitled to absolute judicial and prosecutorial immunity); (2) claims of infringement of a legal interest that clearly does not exist (*Neitzke*, 490 U.S. at 327); and (3) claims barred by limitations (*Harris*, 198 F.3d at 156; *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

In an action proceeding under § 1915(e), a federal court may consider *sua sponte* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file. *Harris*, 198 F.3d at 156 (recognizing the propriety of a district court's raising the defense of limitations *sua sponte*); *Schultea*, 47 F.3d at 1434 (recognizing the authority of the district court to dismiss an action based on the doctrine of qualified immunity).

### V. Section 1983 Generally

42 U.S.C. § 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of federal statutory and constitutional rights.  *Sepulvado v. Jindal*, 729 F.3d 413, 420 n.17 (5th Cir. 2013), *cert. denied,* ___ U.S. ___, 134 S. Ct. 1789 (2014); *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008); *Hernandez ex rel. Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879-80 (5th Cir. 2004).  There are two essential elements to a Section 1983 action: (1) the conduct in question must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of a right secured by the Constitution or the laws of the United States.  *Romano v. Greenstein*, 721 F.3d 373, 377 (5th Cir. 2013); *Wyatt v. Fletcher*, 718 F.3d 496, 517 (5th Cir. 2013).  To show there is state action by an otherwise private entity or person, the plaintiff must show either (1) the private entity's action represents an official City policy or custom or (2) the defendant's action in enacting and enforcing the restriction is "fairly attributable" to the City.  *Rundus v. City of Dallas, Texas*, 634 F.3d 309, 312 (5th Cir. 2011); *Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001) (holding no §1983 liability could exist with regard to private defendants absent allegations the non-governmental defendants acted in concert with a governmental entity to deprive the plaintiff of his rights).

Insofar as Plaintiff complains that the defendants failed to comply with a variety of state statutes and code provisions, including various provisions of the Texas Code of Criminal Procedure, that claim cannot be addressed in a § 1983 proceeding.  Absent some showing that the defendants violated Plaintiff's *federal* constitutional rights, complaints about the violation of state statutes or state agency regulations are insufficient as a matter of law to support a claim for relief under Section 1983.  *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 352 (5th Cir. 2012) ("[A]n alleged

violation of a state statute does not give rise to a corresponding § 1983 violation, unless the right encompassed in the state statute is guaranteed under the United States Constitution.").

Finally, mere negligence by a state official does not give rise to § 1983 liability. *Daniels v. Williams*, 474 U.S. 327, 332-35 (1986). A showing of merely negligent conduct by an official is insufficient to overcome the defense of qualified immunity. *Whitley*, 726 F.3d at 643 ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity."). Negligent failure to supervise or train does not satisfy the "deliberate indifference" standard and will likewise not support a § 1983 claim against a municipal entity. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989) (holding only a showing of deliberate indifference by municipal policy makers will support § 1983 liability based on a failure-to-train claim); *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 170 (5th Cir. 2010) ("'Unintentionally negligent oversight' does not satisfy the deliberate indifference standard."), *cert. denied*, ___ U.S. ___, 131 S. Ct. 3059 (2011).

### VI. Claims Against Defense Counsel

In his most recent pleading, Plaintiff names as a defendant his state court-appointed criminal defendant counsel. Insofar as Plaintiff seeks to recover a monetary judgment against this defendant under § 1983, Plaintiff has not alleged any facts showing that attorney Blomster acted under color of state law while defending Plaintiff in cause 2013-CR-9407. Under ordinary circumstances, a defense attorney representing a criminal defendant is not subject to suit in a civil rights action. *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). The reason for this principle is that, when representing a criminal defendant in a state criminal proceeding, a defense attorney's professional and ethical obligations require him to act in

10

a role independent of and in opposition to the State.  *West v. Atkins*, 487 U.S. 42, 50 (1988); *Polk County*, 454 U.S. at 318-19.  Plaintiff has alleged no specific facts showing defendant Blomster ever acted under color of state law vis-a-vis Plaintiff.  This claim is therefore dismissed as frivolous.

## VII. No Supervisory Liability Under Section 1983

Plaintiff has named as a defendant the Bexar County District Attorney but has not alleged any specific facts showing this  defendant was personally involved in either the incident that led to Plaintiff's arrest on July 23, 2013 or prosecution in Bexar County state criminal cause 2013-CR-9407.  Vicarious liability does not apply to § 1983 claims.  *See Iqbal*, 556 U.S. at 676 (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior); Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 694 (1978) (a local government may not be sued under § 1983 for injury inflicted solely by its non-policymaking employees or agents).  Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983.  *See Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012); *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 169 (5th Cir. 2010).

Generally, a supervisor may be held liable only if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation, such as where the supervisor implemented or enforced unconstitutional policies that actually resulted in the plaintiff's injuries. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).  A supervisor may be held personally liable for inadequate supervision or a failure to train subordinates only where the failure to train or supervise amounts to deliberate indifference and is a proximate cause of a constitutional violation.  *See id.* at

446 ("A supervisor may also be liable for failure to supervise or train if: '(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'").  Merely negligent or incompetent supervision cannot form a basis for liability under § 1983; the supervisor's actions or inactions must rise to the level of "deliberate indifference." *Id.*

> "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  To establish that a state actor disregarded a known or obvious consequence of his actions, there must be "actual or constructive notice" "that a particular omission in their training program causes...employees to violate citizens' constitutional rights" and the actor nevertheless "choose[s] to retain that program.""A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference," because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."

*Id.* at 446-47 (citations omitted).

Plaintiff has alleged no specific facts showing the Bexar County District Attorney has had any personal involvement in or personal knowledge of any of the matters about which Plaintiff complains.  Plaintiff has not alleged any facts showing the Bexar County District Attorney was deliberately indifferent to any alleged inadequacy of the training furnished to Assistant Bexar County District Attorneys.  Nor has Plaintiff alleged any specific facts showing the Bexar County District Attorney ever displayed deliberate indifference to any actual violation of Plaintiff's federal constitutional rights.  The claim against the Bexar County District Attorney is dismissed for failure to state a claim because it fails to allege personal involvement or deliberate indifference.

## VIII. Prosecutorial Immunity

In addition, Plaintiff has failed to allege any specific facts involving the Bexar County District Attorney or any of her subordinate prosecuting attorneys sufficient to overcome the doctrine of absolute immunity.  Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings, i.e, when acting as advocates of the state. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 & n.33 (1976); *Mowbray v. Cameron County*, 274 F.3d 269, 276 (5th Cir. 2001).  Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler*, 424 U.S. at 427-31.

"[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Boyd*, 31 F.3d at 285 (*quoting Buckley*, 509 U.S. at 273 ("Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial.")); *see also Spivey v. Robertson*, 197 F.3d 772, 775-76 (5th Cir. 1999) (holding prosecutors were absolutely immune from liability under §1983 for advising police regarding probable cause to obtain arrest warrant where prosecutors merely evaluated evidence brought to them and did not attest to the truth of that information).  Thus, prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process.  *See Kalina v. Fletcher*, 522 U.S. 118, 128-29 (1997) (holding a prosecutor is absolutely immune in connection with the initiation of a criminal proceeding except

when personally acting as a complaining witness); *Mowbray*, 274 F.3d at 276-77 (holding prosecutors absolutely immune for their decisions on which witnesses to call and what evidence to present, choosing expert witnesses, and preparing those witnesses for trial). Thus, a prosecutor is absolutely immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003) (prosecutors are absolutely immune from liability for even malicious or wilful misconduct if it occurs in the exercise of their advocatory function); *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999) (holding prosecutor was entitled to absolute immunity even if his actions were undertaken erroneously, maliciously, or in excess of his authority; prosecutor is subject to liability only if acting in clear absence of all jurisdiction).

"To determine whether prosecutorial immunity applies, we thus ask '(1) whether, at the time of § 1983's enactment, the practical function of the conduct at issue merited absolute immunity, and (2) whether, at present, absolute immunity for the conduct at issue is necessary to advance the policy interests that justified the common law immunity.'" *Lampton v. Diaz*, 639 F.3d 223, 226 (5th Cir. 2011). However, even if the actions about which Plaintiff complains herein were undertaken by the prosecutor without regard to any pending judicial proceeding, the prosecutor is still entitled to the protection afforded by the doctrine of qualified immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 495-96; *Brown*, 243 F.3d at 189-90 (prosecutor was entitled to qualified immunity with regard to complaints about his investigation into an alleged offense). The determination of whether a prosecutor's actions are entitled to absolute, as opposed to merely qualified, immunity turns on a functional approach under which the prosecutor is absolutely immune when acting as an advocate for the State. *Burns*, 500 U.S. at 491; *Mowbray*, 274 F.3d at 276-77.

14

Plaintiff has alleged no specific facts showing that the actions of the Bexar County District Attorney fell outside the proper scope of the duties of a prosecuting attorney or outside the advocacy role of a prosecutor.   Instead, Plaintiff alleges in conclusory fashion only that he has been maliciously prosecuted following an arrest made without probable cause.   Plaintiff alleges no personal involvement by the Criminal District Attorney of Bexar County in either of those two events.  In short, Plaintiff has failed to allege any specific facts showing Defendant Reed ever took any action vis-a-vis Plaintiff in any context other than her role as a prosecutor.  Accordingly, this claim is dismissed as frivolous and for failure to state a claim because Plaintiff fails to overcome the defense of prosecutorial immunity.

## IX. Qualified Immunity

As a public official performing a discretionary role, police officer Geschke is entitled to the doctrine of qualified immunity.  Even when a state official or other person acting under color of state law engages in constitutionally impermissible conduct, the defendant may nevertheless be shielded from liability for civil damages if the defendant's actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al–Kidd,* ___ U.S. ___, ___, 131 S. Ct. 2074, 2085 (2011); *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013).  The defense of qualified immunity recognized in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), is neither a complete barrier to recovery nor a true affirmative defense.  Rather, its invocation serves to shift the burdens of pleading and proof in federal civil rights lawsuits brought against public officials for actions or omissions attending their performance of official duties.  A party seeking damages from

an official asserting *Harlow* qualified immunity bears the burden of overcoming that defense. *McCreary*, 738 F.3d at 655; *Wyatt v. Fletcher*, 718 F.3d 496, 802 (5th Cir. 2013). The Fifth Circuit has authorized the dismissal as frivolous of civil rights claims that fail to establish a violation of the plaintiff's "clearly established" federal rights. *See Moore v. Carwell*, 168 F.3d 234, 236-37 (5th Cir. 1999) (affirming summary dismissal of complaint against state prison officials as frivolous on qualified immunity grounds). An official acts within his discretionary authority when he performs non-ministerial acts within the boundaries of his official capacity. *Tamez v. City of San Marcos, Texas*, 118 F.3d 1085, 1091-92 (5th Cir. 1997); *see also Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (qualified immunity shields government officials acting within their discretionary authority from liability when their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known).

The Supreme Court has admonished district courts that the *Harlow* qualified immunity is an immunity *from suit* rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Supreme Court has also strongly encouraged district courts to dispose of § 1983 lawsuits in which qualified immunity claims are apparent from the pleadings without resort to cumbersome and expensive discovery. *See Siegert v. Gilley*, 500 U.S. 226, 231-302 (1991); *Mitchell*, 472 U.S. at 526-27. Thus, Plaintiff is not entitled to conduct discovery against defendants Reed or Geschke prior to this Court's review of Plaintiff's claims under § 1915A(b)(2).

In order to prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment. *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that

the suspect had committed or was committing an offense." *Ramirez v. Martinez*, 716 F.3d 369, 375

(5th Cir. 2013) (*emphasis omitted*) (quoting *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir.

2004)).   Plaintiff's wholly conclusory assertion that Officer Geshke arrested Plaintiff without

probable cause on Jule 23, 2013 does not satisfy the specificity necessary to overcome the defense

of qualified immunity.

## X. Claims Against the City and County

Plaintiff's original complaint named the City of San Antonio and Bexar County, Texas as

defendants.  Plaintiff's amended complaint added the Bexar County District Attorney's Office and

the Bexar County Jail's law library and banking department as defendants.  Insofar as Plaintiff seeks

monetary damages from these entities, his claims are directed against Bexar County.  The problem

with Plaintiff's efforts to obtain damages against the City of San Antonio and Bexar County is that

Plaintiff has alleged no specific facts showing that any alleged injury to Plaintiff or alleged violation

of Plaintiff's federal constitutional rights was actually caused by an official policy, procedure,

practice, or custom attributable to final City or County policymakers.

In order to recover a judgment against a local governmental entity under § 1983, a plaintiff

must establish that he sustained a deprivation of constitutional or other federally protected rights as

a result of some official policy, practice, or custom of that governmental entity.  *Bd. of County*

*Comm'rs, Bryan County, Okla.v. Brown*, 520 U.S. 397, 403-04 (1997); *Johnson v. Deep E. Tex.*

*Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (holding that, for a

municipality to be liable on account of its policy, the plaintiff must show among other things, either

(1) the policy itself violated federal law or authorized or directed deprivation of federal rights or (2)

the policy was adopted or maintained by the municipality's policymakers with deliberate indifference

as to its known or obvious consequences).  Although occasionally referred to as if they were three distinct creatures, a local governmental entity's official "policies," "practices," and "customs" are really three different terms for those actions which sufficiently bear the imprimatur of a governmental entity's final policy-makers to justify holding the governmental entity responsible therefor.  *Brown*, 520 U.S. at 404-05 (holding only *deliberate* conduct by a municipality which actually causes an injury is compensable under Section 1983).

For purposes of liability under Section 1983, cities, counties, and other local governmental entities are treated the same.  *Colle v. Brazos County, Texas*, 981 F.2d 237, 244 n.30 (5th Cir. 1993).  A suit against a public official in his or her "official capacity" is, in reality, a suit against the governmental entity the official represents.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).[1]

In *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 690-91 (1978), the Supreme Court held that a governmental entity can be found liable under § 1983 only if the entity itself causes the constitutional violation at issue.  *Monell*, 436 U.S. at 691-94.  A municipality may not be held liable under § 1983 solely because it employs a tortfeasor.  *Brown*, 520 U.S. at 403; *Larpenter*, 369 F.3d at 482.  It is only when the execution of the government's policy or custom inflicts the injury that the governmental entity may be held liable under § 1983.  *Larpenter*, 369 F.3d at 482.

Two basic configurations can lead to a municipality's liability under § 1983 for the acts of its officials: first, a municipality's final policy-makers are held effectively to have made policy or condoned the creation of a custom by knowingly ratifying the unconstitutional or illegal actions of

---

[1] To the extent that the claims against District Attorney Reed in her official capacity may be treated as claims against the State of Texas, they are barred by Eleventh Amendment immunity.  *Esteves v. Brock*, 106 F.3d 674, 677 n.6 (5th Cir. 1997).

subordinate officers or employees, and, second, the municipality may be held liable for the illegal or unconstitutional actions of its final policy-makers themselves as they engage in the setting of goals and the determination of how those goals will be achieved. *Turner v. Upton County, Texas*, 915 F.2d 133, 136 (5th Cir. 1990).

The Fifth Circuit has long made clear a § 1983 plaintiff must establish a causal connection between an alleged violation of the plaintiff's constitutional rights and the municipality's policies or customs. *See, e.g., Bishop v. Arcuri*, 674 F.3d at 467 ("A municipality is liable only when its policy is the 'moving force' behind the suffered injury, but when a municipal policy itself violates federal law, such a policy necessarily constitutes the 'moving force.'" (citation omitted)).

Plaintiff has alleged no specific facts showing either (1) Plaintiff's allegedly improper arrest was the product of any official policy, practice, or longstanding custom attributable to final City of San Antonio policymakers or (2) Plaintiff's currently on-going criminal prosecution is the product of any policy, practice, or custom attributable to final Bexar County policymakers.  While Plaintiff does ambiguously name an official possessing final Bexar County Policymaking authority as a defendant (i.e., the Bexar County Criminal District Attorney), Plaintiff fails to allege any specific facts showing District Attorney Reed has ever had any personal involvement in Plaintiff's prosecution.  District Attorney Reed's role as supervisor of the Bexar County District Attorney's Office does not furnish an arguable basis for holding Bexar County liable in this § 1983 action. Further, Plaintiff has not established that alleged deficiencies with the Bexar County law library hindered his ability to pursue a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Bernegger v. Grimmett*, 562 F. App'x 219 (5th Cir. 2014). Under such circumstances, Plaintiff's claims against the City and County defendants are frivolous and are dismissed as such.

19

## XI. *Younger* Abstention

Furthermore, Plaintiff's claims for injunctive relief (*i.e.*, seeking the immediate termination of state criminal proceeding 2013-CR-9407) are foreclosed by well-settled legal principles. Plaintiff's request for injunctive relief from his state prosecution is subject to dismissal under the rule set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 41 (1971) (discussing the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances).

> In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). If the three prerequisites are satisfied, then a federal court can assert jurisdiction only if "certain narrowly delimited exceptions to the abstention doctrine apply."

*Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012).

The *Younger* exceptions are as follows: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Bice*, 677 F.3d at 716 n.3 (*citing Trainer v. Hernandez*, 431 U.S. 434, 446-47 (1977)). Plaintiff has alleged no specific facts sufficient to bring his claims for injunctive relief within any of the exceptions to the *Younger* abstention doctrine. Plaintiff's conclusory

assertions of false arrest and malicious prosecution do not avoid the impact of *Younger* on his claims in this lawsuit.

Accordingly, it is hereby ORDERED that:

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2. Plaintiff's applications for leave to proceed In Forma Pauperis, July 7, 2014 and August 29, 2014, ECF nos. 2 and 4, are **DENIED**.  Having obtained a ruling on the merits of all of his claims, Plaintiff is obligated to pay the entire filing fee in this cause immediately.

3. Plaintiff's custodian shall immediately withdraw from Plaintiff's BCADC inmate trust account and transfer to the Clerk of this Court the sum of three hundred fifty dollars.  In the event the balance in Plaintiff's inmate trust account is insufficient to pay the entire filing fee in this cause, Plaintiff's custodian shall transmit all funds currently available and, thereafter, withhold and transmit to the Clerk of this Court all funds subsequently deposited into Plaintiff's BCADC inmate trust account until such time as the total sum transferred to the Clerk of this Court equals three hundred fifty dollars.  Plaintiff's custodian shall transfer the funds in question in any manner acceptable to the Clerk of this Court but all such transfers shall reflect the transferred funds are to be applied to the filing in this cause.

4. All of Plaintiff's claims in this lawsuit are **DISMISSED** as frivolous and for failure to state a claim.

5. All other pending motions are **DISMISSED** as moot.

6. **The Clerk shall mail a copy of this Order and the accompanying Judgment to (1) Mr. Arnold Ramirez, Custodian of the Bexar County Sheriff's Department Inmate Trust**

Fund, Bexar County Sheriff's Office, 200 N. Comal Street, San Antonio, Texas 78207, and (2)

the Bexar County District Attorney.

It is so ORDERED.

SIGNED this 18th day of September, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE